UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Amy Lynne Avery

    v.                                  Civil No. 17-cv-443-JD
                                            Opinion No. 2018 DNH 111
Acting Commissioner,
Social Security Administration

O R D E R

Amy Lynne Avery seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Acting Commissioner's decision, denying her application for disability benefits under Title II of the Social Security Act. Avery moves to reverse, contending that the Administrative Law Judge ("ALJ") erred in evaluating her testimony, which resulted in an erroneous finding that she was not disabled. The Acting Commissioner moves to affirm.

Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial

evidence. § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016). Substantial evidence is "more than a scintilla of evidence" but less than a preponderance of the evidence. Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018) (internal quotation marks omitted). When the record could support differing conclusions, the court must uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted); accord Purdy, 887 F.3d at 13.

Disability for purposes of disability insurance benefits means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(c)(1)(A). In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 404.1520; Purdy, 887 F.3d at 10. The claimant bears the burden through the first four steps of proving that her impairments preclude her from working. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the Acting Commissioner has the burden of showing

2

"evidence of specific jobs in the national economy that the applicant can still perform." Purdy, 887 F.3d at 10.

## Background

Avery alleged that she became disabled on April 1, 2012, when she was thirty-nine years old. She contends that her disability is due to high blood pressure with complications, migraine headaches, anxiety, panic attacks, and a back injury. A hearing before an ALJ was held on her application.

The medical evidence begins in September of 2012, when Avery went to the hospital because of pain and headaches. She was pregnant with her first child at that time but had not received any prenatal care. She was transferred to another hospital, put on medication, and her son was delivered prematurely because of Avery's worsening hypertension. After the delivery, Avery did well with no complications.

In July of 2013, she was seen at Maine Medical Center to coordinate her care because she was pregnant with her second child and had chronic hypertension. Avery reported severe migraines that were treated with Vicodin, although providers were concerned about neonatal withdrawal. Avery's hypertension was controlled with medication. She required treatment again in August of 2013 for migraine pain and vomiting. In September, she again had episodes of high blood pressure and headache, and

her second child was delivered early because of Avery's preeclampsia.  She left the hospital four days later.

During the fall, Avery was treated for migraines.  Providers tried different medications for her migraine pain.  In November, she began a new treatment for migraines that resulted in improvement of frequency and severity of headaches.  Avery had difficulty controlling her blood pressure, so that providers tried different medications.  By July of 2014, Avery's symptoms had improved, and her blood pressure was controlled.

In October of 2015, Avery reported anxiety that was causing her blood pressure to rise.  The provider recommended counseling and increased Avery's blood pressure medication.  Avery reported improvement in November.

Dr. Peter Loeser did a consultative examination of Avery in December of 2015 and completed a form for physical functional capacity.  Dr. Loeser found that Avery's blood pressure was high and he recommended that she follow up with her providers.  All other parts of the examination showed normal results, with no neurological deficits, normal strength, normal sensation, and normal ability to sit, stand, and do postural activities.  In his assessment, Dr. Loeser found no physical limitations.

At the hearing on January 7, 2016, Avery testified that she was married and had two young disabled sons.  She said that neither she nor her husband was working and that the family

lived with her husband's mother who helped to take care of them. Avery does not drive.

When asked to explain why she could not work, Avery testified that her migraine headaches caused symptoms that include nausea and auras. She said that her hands and feet swelled so that she cannot walk, that missing medications can cause disastrous symptoms, that she cannot do heavy lifting or physical activity, that she cannot do long-term screen work, and that she cannot grasp or hold things. Avery testified that working in the past made her blood pressure get too high and that physical activity made her blood pressure spike. She said that she checked her blood pressure four times per day and that she took morphine in the morning and evening to help with pain.

Avery testified that her husband and mother-in-law did most of the child care and other activities to take care of the family. She said that she could stay with her younger son if her husband and mother-in-law had to go out but could not assist her older son who weighed more. She also said that most of the time she was trying to manage her own issues, watching television and reading to keep her mind "off of things."

The ALJ found that Avery had severe impairments of essential hypertension, migraines, and anxiety and non-severe impairments due to a cyst in her left wrist, asthma, and back pain. The ALJ found that Avery had the residual functional

5

capacity to perform light work, with some limitations in foot and hand work and postural activities. Based on that assessment, the ALJ concluded that Avery could return to her prior work as a retail sales attendant and that other jobs existed that she could do. For that reason, the ALJ found that Avery was not disabled. The Appeals Council denied Avery's request for review, making the ALJ's decision the final decision of the Acting Commissioner.

## Discussion

Avery moves to reverse the Acting Commissioner's decision on the ground that the ALJ did not properly assess her testimony under the requirements of Social Security Ruling ("SSR") 16-3p.[1] The Acting Commissioner agrees that SSR 16-3p applies here but argues that the ALJ properly assessed Avery's testimony. The Acting Commissioner further contends that substantial evidence supports the decision.

An ALJ must consider all of a claimant's symptoms, including pain, for the purpose of determining whether a medically determinable impairment, which could reasonably be expected to cause those symptoms, is disabling. 20 C.F.R.

---

[1] Titles II and XVI: Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (Mar. 16, 2016).

§ 404.1529(a).[2] When one or more medically determinable severe impairments are found, the ALJ evaluates the intensity, persistence, and limiting effects of those impairments, such as pain, and their impact on the ability to work. § 404.1529(c). SSR 16-3p provides additional guidance for that analysis.

In this case, the ALJ found that Avery had severe medically determinable impairments of essential hypertension, migraine, and anxiety. Despite those impairments, the ALJ found that Avery retained the ability to do light work with some limitations. Avery contends that the ALJ's assessment of the intensity, persistence, and functional limitations of her symptoms was wrong because she failed to properly evaluate Avery's testimony about her symptoms.

A. Lack of Treatment

Avery faults the ALJ for noting that she had not sought treatment from the alleged onset date in April of 2012 until September of 2012, to find that her claims about symptoms during that time were not consistent with the record. She argues that SSR 16-3p requires that an ALJ consider possible reasons why she did not seek treatment before considering the absence of treatment as evidence of a lack of intensity or persistence in

---

[2] Section 404.1529 was amended effective March 27, 2017, after the date of the ALJ's decision in this case.

7

symptoms.  Avery contends that, as she testified, the lack of treatment "was due to her two successive pregnancies."

As the Acting Commissioner points out, pregnancy does not explain a lack of treatment.  It is more reasonable to expect that a claimant would be receiving treatment during pregnancy.  Therefore, the lack of treatment could properly be considered in evaluating Avery's testimony about her symptoms.

B.  Record Evidence

Avery contends that the ALJ erred in finding that her testimony about her symptoms was not consistent with certain treatment notes because the cited records do not show normal function.  The ALJ stated that Avery "had some problems with very high blood pressure during one of her pregnancies, as noted in September of 2012; however the condition responded to medical treatment."  In fact, Avery had difficulty with high blood pressure during both pregnancies, which appears to have caused the premature delivery of both of her children.

The other cited evidence during 2012 and 2013 shows a pattern of treatment, with varying levels of response to the treatment.  High blood pressure remained a problem, as did migraine headaches.  While the ALJ stated that Avery's migraines responded well to Vicodin, Avery's providers stated that Vicodin was not a good long-term solution and could cause problems

8

during her pregnancy.³ Therefore, the record does not support the ALJ's more positive evaluation of Avery's function during 2012 and 2013. While later medical records tend to show improvement, a question remains as to whether Avery experienced disabling impairments for a period of twelve months or more.⁴

C. Daily Activities

Avery also contends that the ALJ erred in evaluating her daily activities. The ALJ found that Avery's daily activities showed that she could do "simple light exertional tasks" because she was taking care of her two young disabled children. Avery testified that her husband and her mother-in-law took care of the children, and also did most of the other household tasks.

The ALJ does not cite evidence to show that, contrary to her testimony, Avery took care of the children.

D. Dr. Loeser's Opinion

The Acting Commissioner contends that Dr. Loeser's examination notes and opinion support the ALJ's findings. As the ALJ acknowledged, however, Dr. Loeser did not fully consider

---

³ Indeed, the ALJ's analysis suggests that Avery began to seek pain killing drugs in July of 2014 after Vicodin was stopped.

⁴ The Acting Commissioner argues that other cited evidence shows that the ALJ properly did not accept Avery's testimony. The more positive evidence, however, is for a later period.

9

Avery's subjective complaints or review the entire record.  The
ALJ did not explain what part of the record was not reviewed.

A reviewing consultant's opinion that is based on a
"significantly incomplete record" cannot be accorded
"significant weight" and cannot provide substantial evidence to
support an ALJ's finding.  Alcantara v. Astrue, 257 Fed. Appx.
333, 334 (1st Cir. 2007).  The ALJ bears the burden of
determining and explaining whether missing evidence is material
to assessing the claimant's limitations.  See Hughes v.
Berryhill, 2018 WL 791236, at *2 (D.N.H. Feb. 8, 2018) (citing
Giandomenico v. U.S. Soc. Sec. Admin., 2017 WL 5484657, at *4
(D.N.H. Nov. 15, 2017)).  In this case, the ALJ noted that Dr.
Loeser did not have the opportunity to review the entire record,
but the ALJ did not determine or explain whether the omission
was material to assessing Avery's functional capacity.

Therefore, Dr. Loeser's opinion cannot provide substantial
evidence to support the ALJ's findings.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse
(document no. 8) is granted.  The Acting Commissioner's motion
to affirm (document no. 12) is denied.

The case is reversed and remanded for further proceedings under Sentence Four of § 405(g).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 24, 2018

cc: Terry L. Ollila, Esq.
    D. Lance Tillinghast, Esq.